**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Marie F. Shamberger<br>Cecil L. Shamberger<br>          Debtor(s) | CHAPTER 13 |
| Mortgage Assets Management, LLC<br>          Movant<br>Vs. | NO. 19-11655 AMC |
| Marie F. Shamberger<br>Cecil L. Shamberger<br>          Debtor(s) | 11 U.S.C. Section 362 |
| Scott F. Waterman<br>          Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$860.00,** which breaks down as follows:

   Hazard Insurance disbursement in the amount of $660.00 on October 4, 2022
   Fees and Costs associated with the COD filing $200.00
   **Total Post-Petition Arrears         $860.00**

2. Debtor(s) shall cure said arrearages in the following manner:

   a). Beginning on October 2023 and continuing through December 2023, until the arrearages are cured, Debtor(s) shall pay an installment payment of **$286.67 for October 2023 and November 2023 and $286.66 for December 2023** towards the arrearages on or before the last day of each month at the address below:

   PHH Mortgage Services
   PO Box 5435
   Mount Laurel, NJ 08054

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.

If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

    5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

    7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

    8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

    9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 21, 2023

                                              **/s/ Mark A. Cronin, Esquire**
                                              Mark A. Cronin, Esquire
                                              Attorney for Movant

Date: 10/2/2023                       */s/ Sharon S. Masters, Esquire*
                                              Sharon S. Masters, Esquire
                                              Attorney for Debtor(s)

Date: 10/3/2023                       */s/ Ann E. Swartz, Esq. for*
                                              Scott F. Waterman Esquire
                                              Chapter 13 Trustee

Approved by the Court this 13th day of October, 2023. However, the court retains discretion regarding entry of any further order.

                                                Bankruptcy Judge
                                                Ashely M. Chan.